133 F.3d 929
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Roman DOMINGUEZ, Defendant-Appellant.
 No. 97-50360.
 United States Court of Appeals, Ninth Circuit.
 Jan. 20, 1998.
Submitted Jan. 12, 1998.**
 
 Before: BROWNING, KLEINFELD, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Roman Marcel Dominguez appeals the 33-month sentence imposed after his guilty plea to importing marijuana in violation of 21 U.S.C. §§ 952 and 960 and possessing marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1). He contends that the district court erred by finding that he was a minor but not a minimal participant in the criminal activity. We affirm.
 
 
 3
 We review for clear error the district court's finding whether a defendant was a minor or minimal participant. See United States v. Felix, 87 F.3d 1057, 1061 (9th Cir.1996). A minimal participant is one who is "plainly among the least culpable of those involved in the conduct of a group." U.S.S.G. § 3B1.2, comment. (n.1); see id., comment. (n.2) (adjustment appropriate when defendant recruited for single smuggling transaction involving small amount of drugs).
 
 
 4
 Dominguez drove a Jeep containing about 75 pounds of marijuana across the border from Mexico. He told a customs agent that his friend Lalo asked him to take the marijuana from Tijuana to Santa Ana. Dominguez was to keep the drugs at his home while he sought further instructions from Lalo. In exchange, he was to receive $1,000 and the Jeep.
 
 
 5
 Dominguez contends that he was a minimal participant because he was only a courier and was vulnerable to recruitment in a smuggling enterprise because of his heroin addiction and history of depression. This contention lacks merit. Dominguez was trusted with responsibility; he knowingly imported the marijuana and planned to keep it at his home. See United States v. Davis, 36 F.3d 1424, 1437 (9th Cir.1994). Accordingly, the district court did not clearly err by finding that Dominguez was a minor but not a minimal participant. See Felix, 87 F.3d at 1061.
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3